860 S.W.2d 160 (1993)
In the Matter of A.G.G., A Child.
No. 05-92-01610-CV.
Court of Appeals of Texas, Dallas.
July 6, 1993.
*161 Douglas W. Skemp, Skemp & Skemp, PC, Dallas, for appellant.
Joan Blanscet, April E. Smith, Asst. Dist. Attys., Dallas, for appellee.
Before BAKER, STEPHENS,[1] and WHITHAM[2], JJ.

OPINION
STEPHENS, Justice (Retired).
This appeal results from the trial court's declaration that appellant was a child engaged in delinquent conduct and the imposition of a sentence committing appellant to the Texas Youth Commission for a period of twenty years, purportedly under the determinate sentence provision of section 54.04 of the Texas Family Code. Tex.Fam.Code Ann. § 54.04 (Vernon 1986).
Appellant presents six points of error on appeal. In his first point, appellant contends that the disposition order sentencing him to twenty years is void because it is based upon a statutory scheme that deprives him of the equal protection of the law. In his second point, he contends that the trial court committed reversible error by giving a determinate sentence disposition under section 53.045 of the Family Code, Tex.Fam.Code Ann. § 53.045 (Vernon Supp.1993), after the State had waived its rights to proceed under that section. In his third point, appellant contends that the trial court committed reversible error by not informing him that it was rejecting the State's waiver of its right to proceed under section 53.045 and allowing him to withdraw his plea of true. Point number four seeks remand to the trial court for an evidentiary hearing on whether appellant was given effective assistance of counsel. In his fifth point, appellant argues that reversible error was committed by the failure of the trial court to state specifically in its disposition order the reasons for its disposition as required by section 54.04(f) of the Family Code. Tex.Fam.Code Ann. § 54.04(f) (Vernon 1986). Finally, in point number six, appellant complains that the court failed to appoint a guardian ad litem as required by section 51.11 of the Family Code. Tex.Fam. Code Ann. § 51.11 (Vernon 1986).
We agree with appellant's points of error numbers two, five, and six, and, accordingly, we reverse the trial court's judgment and remand the cause for a new trial.
On April 7, 1992, a petition was filed alleging that appellant had engaged in delinquent conduct. Specifically, appellant was charged with committing the offense of murder on February 14, 1992. The State's attorney referred the petition to the grand jury, and on April 14, 1992, the petition was certified and approved by the Dallas County Grand Jury in accordance with section 53.045 of the Family Code. TEX.FAM.CODE ANN. § 53.045 (Vernon Supp.1992). On May 4, 1992, the State filed a written waiver of its right to proceed under section 53.045. After the waiver was *162 filed and acknowledged by the court, the adjudication and disposition hearings were held. Appellant pleaded true to the allegations in the petition and the trial court declared appellant to be a child engaged in delinquent conduct. On May 8, 1992, the disposition hearing was held and although the State had waived its right to proceed under the determinate sentence provision of section 53.045 and its subsequent provisions, the trial court committed appellant to the Texas Youth Commission under the determinate sentence provision of the Family Code for a period of twenty years.
First, we address appellant's second point of error. Appellant correctly argues that when the State filed its written waiver of its right to proceed under the determinate sentence provision of section 53.045, it effectively nullified the action of the grand jury, as well as the authority of the trial court to enter a determinate sentence. Furthermore, sections 51.17 and 54.03 of the Family Code, Tex.Fam.Code Ann. §§ 51.17, 54.03 (Vernon 1986), provide that the Texas Rules of Civil Procedure will govern proceedings in juvenile cases. Texas Rule of Civil Procedure 301 provides that the judgment entered must conform to the pleadings. The judgment in this case did not conform to the pleadings after the State waived its right to proceed under the provisions of section 53.045. Point of error number two is sustained.
Point of error number five complains that the trial court erred by not stating specifically in its disposition order the reasons for its disposition as required by section 54.04 of the Family Code. Tex.Fam.Code Ann. § 54.04 (Vernon 1986). We agree. Clear, specific reasons for the disposition must be articulated in the judgment. J.L.E. v. State, 571 S.W.2d 556, 557 (Tex.Civ.App. Houston [14th Dist.] 1978, no writ); In re A.N.M., 542 S.W.2d 916, 919 (Tex.Civ.App. Dallas 1976, no writ); In re T.R.W., 533 S.W.2d 139, 141-42 (Tex.Civ.App.Dallas 1976, no writ). Point of error number five is sustained.
We further note that point of error number six complains that the trial court erred by its failure to appoint a guardian ad litem in accordance with section 51.11 of the Family Code. TEX.FAM.CODE ANN. § 51.11 (Vernon 1986). We agree. The State argues that appellant's grandmother appeared in court and rendered friendly support and guidance, and further that no harm has been shown. A review of the record reflects that the grandmother not only failed to render friendly support and guidance, but was in fact called as a State's witness against the juvenile. In accordance with Flynn v. State, 707 S.W.2d 87, 88-89 (Tex.Crim.App.1986), we hold that the court committed reversible error by its failure to appoint a guardian ad litem for the minor. Point of error number six is sustained.
In light of our decision, we decline to address the constitutional question or the question of effective assistance of counsel. We do note, however, that if, as was represented at oral argument, the trial judge and counsel in the case simply wanted to "test the law" by following the procedures that were followed and receive an advisory opinion from this Court, those actions were highly improper and cannot be condoned.
The judgment of the trial court is reversed and the cause is remanded for a new trial.
NOTES
[1] The Honorable BILL J. STEPHENS, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.
[2] The Honorable WARREN WHITHAM, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.