Larry YARBOROUGH, Appellant,

v.

The STATE of Texas, State.

No. 2–92–241–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 12, 1994.

Charles H. Roach, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Betty Marshall and Charles M. Mallin, Assts., Steven W. Conder, Terry Barlow, and Susan Hargis, Assts., Fort Worth, for State.

Before FARRIS, WEAVER and DAY, JJ.

## OPINION

FARRIS, Justice.

A jury convicted Larry Yarborough of delivery of cocaine of less than twenty-eight grams and the judge assessed his punishment at five years imprisonment. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 1992). In his sole point of error, Yarborough claims the trial court erred in overruling his complaint the State systematically excluded minorities from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We sustain Yarborough's point, reverse the trial court's judgment, and remand the case for a new trial because the record does not support the trial court's ruling and therefore it was clearly erroneous.

The jury panel consisted of thirty-three persons, twelve of whom were minorities. Of the twelve minorities, three became jurors and the remainder were struck by the State. Although Yarborough challenges each of these strikes, we will address only the strike of venireperson Mark Martinez because it is the source of reversible error.

■ Once the defendant makes a prima facie showing the State deliberately used peremptory challenges to prevent minorities from sitting on the jury, the burden shifts to the State to give racially neutral explanations for striking venirepersons. *Cantu v. State*, 842 S.W.2d 667, 688 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). Here, the State used nine of its ten peremptory strikes to exclude nine of twelve potential minority jurors. This was sufficient to raise an inference of discrimination; therefore, the State had the burden of producing race-neutral reasons for challenging them. *See Miller–El v. State*, 790 S.W.2d 351, 354 (Tex.App.—Dallas 1990, pet. ref'd).

■ A litigant is clearly entitled to jurors who will pay attention to the trial. *Daniels v. State*, 768 S.W.2d 314, 317 (Tex.App.—Tyler 1988, pet. ref'd). Consistent with this right, several courts have held striking a venireperson for sleeping or inattentiveness during voir dire proceedings is racially neutral. *See Roberson v. State*, 860 S.W.2d 162, 165 (Tex.App.—Fort Worth 1993, no pet. h.); *Moore v. State*, 811 S.W.2d 197, 199 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *Ivatury v. State*, 792 S.W.2d 845, 848 (Tex. App.—Dallas 1990, pet. ref'd); *Holman v. State*, 772 S.W.2d 530, 533 (Tex.App.—Beaumont 1989, no pet.); *Daniels*, 768 S.W.2d at 317.

Here, the State produced a facially race-neutral explanation for striking venireperson Martinez by claiming it struck him because he appeared inattentive and his body language seemed to signal his unhappiness with being called for jury service. The trial judge held this explanation was "reasonable and not racially motivated."

■ The standard of reviewing the findings of a trial court on *Batson* issues, is the "clearly erroneous" standard which prohibits our disturbing the trial court's findings if they are supported by the record. *See Tennard v. State*, 802 S.W.2d 678, 680 (Tex.Crim. App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). The role of the reviewing court is not to determine whether the prosecutor's explanations are credible but rather whether the trial court's ruling on the *Batson* motion was *supported by the record* and therefore not clearly erroneous. *See Whitsey v. State*, 796 S.W.2d 707, 716 (Tex.Crim.App.1989) (opinion on reh'g) (emphasis added).

■ When the State strikes a juror on a basis that cannot easily or objectively be determined by the reviewing court, that basis must be substantiated by *something other than the prosecutor's statement* and that something must be *on the record. See Roberson*, 860 S.W.2d at 165 (emphasis added). Such substantiating evidence can be an admission by opposing counsel, a finding by the trial court, or an admission by the panel member. *Id.*

In the instant case, the prosecutor advanced a subjective reason for striking venireperson Martinez. By testifying, "[Martinez] had a very long, unhappy face, mouth down-turned at the corners, eyes downcast," the prosecutor identified the specific body language and nonverbal actions which led him to his belief Martinez was inattentive and unhappy with having been called for jury service. The State claims this statement was sufficient to rebut the prima facie case of discrimination and cites *Hughes v. State* in support thereof. *Hughes v. State,* 850 S.W.2d 260, 266–67 (Tex.App.—Fort Worth 1993, pet. ref'd).

However, *Hughes* does not support the State's claim because in that case there was *something other than the prosecutor's statement* concerning a subjective characteristic to substantiate the trial court's finding the State produced a race-neutral explanation for striking venireperson Larkin. In particular, the prosecutor gave three reasons for striking venireperson Larkin,[1] one of which was objective and was itself sufficient to rebut the prima facie showing of discrimination.[2] Also, the specifics of that case caused us to defer to the trial court's finding, "[s]ince the prosecutor *partially* based her neutral explanations on nonquantifiable characteristics, and the trial judge personally observed the proceedings...." *Id.* at 266–67 (emphasis added).

In this case, there is no substantiating evidence on the record. The State gave only one reason for excluding venireperson Martinez and it was subjective. In addition, *the record* does not reveal the trial judge had an adequate opportunity to observe Martinez' demeanor because neither the State nor the defense extensively examined him during voir dire.[3] Therefore, we find *the record* contains no evidence *corroborating* the prosecutor's statement.

Consequently, we hold the trial judge's finding, the prosecutor's explanation for striking Martinez is race neutral, is not supported *by the record* and the State failed to rebut Yarborough's prima facie showing of racial discrimination. Yarborough's point of error is sustained.

The trial court's judgment is reversed and the case is remanded for a new trial.

---

1. The prosecutor struck venireperson Larkin because (1) he listed punishment as his third goal, (2) he exhibited hesitancy and confusion about following the law, and (3) he laughed during voir dire and held his head down. *Id.*

2. The fact that venireperson Larkin listed punishment as his third goal in the criminal justice system is an adequate, independent, nonracial justification for the prosecutor's decision to peremptorily strike him. *See Tennard v. State,* 802 S.W.2d 678, 681–82 (Tex.Crim.App.1990), *cert.*

denied, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991).

3. The defense only asked Martinez one question and it concerned defense counsel's role in the proceedings. The State addressed Martinez only briefly questioning him about his, and his family's, employment and experience with civil lawsuits.