In re A.D.J. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00210-CV







In the Matter of A. D. J.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,949, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 A.D.J., a juvenile, appeals the trial court's order transferring him to the Institutional Division
of the Texas Department of Criminal Justice. See Tex. Fam. Code Ann. § 54.11 (West 1996) (hereinafter
"Code"). The court previously determined that appellant had committed aggravated kidnapping, for which
it imposed a fifteen-year determinate sentence. See Code § 54.04(d)(3).

 Appellant challenged the order imposing the determinate sentence on an earlier appeal to
this Court. This Court affirmed the disposition order in an unpublished opinion. See In re A.D.J., No. 3-95-126-CV (Tex. App.--Austin July 31, 1996, no writ h.) (not designated for publication). In the present
appeal, appellant asserts by two points of error that the transfer order is void. His arguments challenging
the transfer order are identical to his earlier arguments challenging the disposition order. For the reasons
given in our earlier opinion, we will affirm the order of the trial court.

 In his first point of error, appellant asserts that the trial court's transfer order is void because
the grand jury did not indicate that it approved the State's petition. When a petition alleges certain offenses,
including aggravated kidnapping, the State may refer the petition to the grand jury. Code § 53.045(a). 
If the grand jury approves the petition and certifies its approval to the juvenile court, the court may then
impose a determinate sentence. Code §§ 53.045(d), 54.04(d)(3). 

 The State referred the petition to the grand jury, which considered it. The grand jury's
certificate of approval in this case recites that the district attorney presented the petition to the grand jury,
and it is signed by the foreperson of the grand jury. The certificate states, however, that the grand jury
"APPROVES/DISAPPROVES" the petition, without indicating which the grand jury chose. Appellant
contends that, because the grand jury did not affirmatively approve the petition, the court lacked jurisdiction
to impose a determinate sentence and, consequently, to transfer him to the penitentiary. 

 Incarceration in the penitentiary is prohibited unless on the indictment of a grand jury. Tex.
Const. art. I, § 10. Like an indictment, a petition approved by a grand jury is necessary before a juvenile
court can impose a determinate sentence, which may subject the juvenile to incarceration in prison. Code
§ 53.045. A petition that has been approved, however, is not in all respects identical to an indictment. An
indictment serves multiple functions, one being to notify the defendant of a charge against him so that he can
prepare a defense, a second being to vest the trial court with jurisdiction over a felony offense. Cook v.
State, 902 S.W.2d 471, 478 (Tex. Crim. App. 1995); Tex. Const. art. V, § 12. A third, as mentioned,
is to protect against the risk of incarceration without a finding of probable cause by a grand jury. These
three functions are distinct, the last two being governed by separate provisions of the Texas Constitution. 
Compare art. I, § 10, with art. V, § 12. 

 The Family Code provides that a juvenile-court petition approved by the grand jury
functions as an indictment presented by the grand jury for the purpose of transferring a juvenile to the
penitentiary under a determinate sentence. Code § 53.045; In re R.L.H., 771 S.W.2d 697, 699-700
(Tex. App.--Austin 1989, writ denied). As we read this provision, a petition that is approved satisfies the
constitutional requirement that a grand jury find probable cause before one can be incarcerated, without
adopting the indictment's functions of notice and jurisdiction. The State's petition when initially filed
provides notice to the juvenile, and service of summons on the juvenile gives the trial court personal
jurisdiction over him. Code §§ 53.04, .06, .07; Johnson v. State, 551 S.W.2d 379, 382 (Tex. Crim.
App. 1977); In re K.P.S., 840 S.W.2d 706, 709 (Tex. App.--Corpus Christi 1992, no writ); Villarreal
v. State, 495 S.W.2d 28, 29 (Tex. Civ. App.--Corpus Christi 1973, no writ).

 Further, an examination of Title 3 of the Family Code fails to show that grand-jury approval
of a petition affects the juvenile court's subject-matter jurisdiction. Section 51.04 of the Code confers
exclusive original jurisdiction on the juvenile court to conduct proceedings under Title 3; Title 3, the
"Juvenile Justice Code," covers all proceedings involving delinquent conduct or conduct indicating a need
for supervision engaged in by juveniles. Code § 51.04(a). A juvenile court imposing a determinate
sentence does so only after finding that the juvenile has engaged in delinquent conduct. Code §
54.04(d)(3). That the determinate sentencing provisions are part of Title 3 indicates that the juvenile court
does not acquire new jurisdiction when it imposes a determinate sentence. 

 Rather than establishing a jurisdictional requirement, section 54.04(d)(3) places a condition
on final disposition through determinate sentencing: "[I]f the petition was approved by the grand jury. . .
, the court or jury may sentence the child to" commitment in the Youth Commission with a possible transfer
to the penitentiary. While the same court that is granted general juvenile jurisdiction under Title 3 is
authorized to impose this sentence, section 54.02, by contrast, expressly allows the juvenile court to waive
its exclusive original jurisdiction and transfer a child to district court for adult criminal proceedings. Code
§ 54.02(a).

 In sum, a court exercising juvenile jurisdiction operates under Title 3 when it imposes a
determinate sentence and retains the same subject-matter jurisdiction initially conferred by section 51.04
of that Title. The court obtains personal jurisdiction over the juvenile when a summons notifying him of the
State's petition to adjudicate is personally served on the juvenile. The requirement of grand-jury approval
affects the court's authority, not its jurisdiction, to impose a determinate sentence. See In re A.G.G., 860
S.W.2d 160, 162 (Tex. App.--Dallas 1993, no writ) (State's waiver of right to proceed under determinate
sentencing provisions nullified trial court's authority to impose determinate sentence). Cf. In re S.D.W.,
811 S.W.2d 739, 744 (Tex. App.--Houston [1st Dist.] 1991, no writ) (without certification of grand-jury
approval, trial court lacks jurisdiction to impose a determinate sentence). In effect, the presentment
expands the range of "punishment" to which the juvenile is subject through the court's disposition order.

 Last, the Family Code provides that, unless it clearly expresses a contrary intent elsewhere,
a juvenile can waive any right granted him by state statute or constitution. Code § 51.09(a). Cf. Tex.
Code Crim. Proc. Ann. art. 1.141 (West 1977) (adult criminal defendant can waive right to indictment for
noncapital offense). This Court has held that a juvenile's right to have the petition presented to the grand
jury is one that he can waive. In re A.R.A., 898 S.W.2d 14, 15-16 (Tex. App.--Austin 1995, no writ). 
The premise underlying A.R.A. is that presenting the petition to the grand jury for approval is not a
jurisdictional prerequisite to determinate sentencing. See Texas Ass'n of Business v. Texas Air Control
Bd., 852 S.W.2d 440, 443-44 (Tex. 1993) (subject-matter jurisdiction cannot be waived).

 Because we determine that grand-jury approval of the State's petition is not a jurisdictional
requirement, appellant's claim that the disposition order, and therefore the transfer order, is void fails. 
Appellant was thus required to object to any lack of grand-jury approval in the trial court to preserve error. 
Tex. R. App. P. 52(a); R.L.H., 771 S.W.2d at 702 n.5. At the disposition hearing, appellant failed to
object. Instead, appellant's attorney and the prosecutor stipulated to the court that they were proceeding
under the determinate sentencing provisions and that they agreed to a determinate sentence of fifteen years. 
Appellant individually stated in court that he also agreed to the fifteen-year determinate sentence. The
failure of the grand jury to indicate its approval on the certificate appears, in reality, to have been a clerical,
rather than a substantive, defect. Because appellant cannot assert the lack of grand-jury approval as error
for the first time on appeal, we overrule point one.

 In point of error two, appellant argues that the trial court's transfer order is void because
the grand jury's certificate does not indicate that it was approved by at least nine members. See Code §
54.045(b), (d). Although nine members of the grand jury must approve the petition, the Family Code does
not require the certificate itself to state that nine approved it or to bear nine jurors' signatures. Appellant
has shown no error. In any event, appellant failed to object in the trial court, thereby waiving any error. 
Tex. R. App. P. 52(a). We overrule point two.

 We affirm the transfer order of the trial court.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 16, 1996

Do Not Publish



 Code," covers all proceedings involving delinquent conduct or conduct indicating a need
for supervision engaged in by juveniles. Code § 51.04(a). A juvenile court imposing a determinate
sentence does so only after finding that the juvenile has engaged in delinquent conduct. Code §
54.04(d)(3). That the determinate sentencing provisions are part of Title 3 indicates that the juvenile court
does not acquire new jurisdiction when it imposes a determinate sentence. 

 Rather than establishing a jurisdictional requirement, section 54.04(d)(3) places a condition
on final disposition through determinate sentencing: "[I]f the petition was approved by the grand jury. . .
, the court or jury may sentence the child to" commitment in the Youth Commission with a possible transfer
to the penitentiary. While the same court that is granted general juvenile jurisdiction under Title 3 is
authorized to impose this sentence, section 54.02, by contrast, expressly allows the juvenile court to waive
its exclusive original jurisdiction and transfer a child to district court for adult criminal proceedings. Code
§ 54.02(a).

 In sum, a court exercising juvenile jurisdiction operates under Title 3 when it imposes a
determinate sentence and retains the same subject-matter jurisdiction initially conferred by section 51.04
of that Title. The court obtains personal jurisdiction over the juvenile when a summons notifying him of the
State's petition to adjudicate is personally served on the juvenile. The requirement of grand-jury approval
affects the court's authority, not its jurisdiction, to impose a determinate sentence. See In re A.G.G., 860
S.W.2d 160, 162 (Tex. App.--Dallas 1993, no writ) (State's waiver of right to proceed under determinate
sentencing provisions nullified trial court's authority to impose determinate sentence). Cf. In re S.D.W.,
811 S.W.2d 739, 744 (Tex. App.--Houston [1st Dist.] 1991, no writ) (without certification of grand-jury
approval, trial court lacks jurisdiction to impose a determinate sentence). In effect, the presentment
expands the range of "punishment" to which the juvenile is subject through the court's disposition order.

 Last, the Family Code provides that, unless it clearly expresses a contrary intent elsewhere,
a juvenile can waive any right granted him by state statute or constitution. Code § 51.09(a). Cf. Tex.
Code Crim. Proc. Ann. art. 1.141 (West 1977) (adult criminal defendant can waive right to indictment for
noncapital offense). This Court has held that a juvenile's right to have the petition presented to the grand
jury is one that he can waive. In re A.R.A., 898 S.W.2d 14, 15-16 (Tex. App.--Austin 1995, no writ). 
The premise underlying A.R.A. is that presenting the petition to the grand jury for approval is not a
jurisdictional prerequisite to determinate sentencing. See Texas Ass'n of Business v. Texas Air Control
Bd., 852 S.W.2d 440, 443-44 (Tex. 1993) (subject-matter jurisdiction cannot be waived).

 Because we determine that grand-jury approval of the State's petition is not a jurisdictional
requirement, appellant's claim that the disposition order, and therefore the transfer order, is void fails. 
Appellant was thus required to object to any lack of grand-jury approval in the trial court to preserve error. 
Tex. R. App. P. 52(a); R.L.H., 771 S.W.2d at 702 n.5. At the disposition hearing, appellant failed to
object. Instead, appellant's attorney and the prosecutor stipulated to the court that they were proceeding
under the determinate sentencing provisions and that they agreed to a determinate sentence of fifteen years. 
Appellant individually stated in court that he also agreed to the fifteen-year determinate sentence. The
failure of the grand jury to indicate its approval on