**Ex parte Earnest Lee SMITH.**

**No. 67277.**

Court of Criminal Appeals of Texas, En Banc.

June 17, 1981.

Opinion After Remand Feb. 3, 1982.

Rehearing Denied June 1, 1983.

Earnest Lee Smith, pro se.

Henry Wade, Dist. Atty. and Gregory S. Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## ORDER

W. C. DAVIS, Judge.

This is an application for a post-conviction writ of habeas corpus, pursuant to Article 11.07, Vernon's Ann.C.C.P. The petitioner's conviction for murder was upheld in this Court in *Smith v. State*, 595 S.W.2d 120 (Tex.Cr.App.1980).

The petitioner pro se contends for the first time that he is illegally restrained of his liberty because (1) he was denied the effective assistance of counsel when his attorney failed to inform him that he had the right to be indicted by a grand jury; (2) he was denied due process when he was not charged by indictment and did not waive indictment; and (3) the trial court was without jurisdiction over the trial proceedings because he was tried by information and did not waive indictment.

The trial court, in its specific findings of fact and conclusions of law, found that petitioner's application was totally without merit and recommended that it be denied. The judgment and sentence in Cause No. F77–7325–J appear in the record, indicating that the petitioner was tried by information. The trial court does not address the issue of whether the petitioner did in fact waive the right to be indicted, but instead holds that petitioner's "allegation does not raise a constitutional question or a question

which would entitle petitioner to relief now that his conviction is final."[1] This Court, of course, is not bound by the findings and conclusions of the trial court.

The judgment, sentence and docket sheets of the trial court appear in the record before us. They do not indicate that the petitioner either orally or by written instrument waived indictment. Further, we have examined the trial record which was brought before us on direct appeal, and we find no written or oral waiver of indictment contained therein.

Article 1.141, Vernon's Ann.C.C.P. provides:

"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information."

In *King v. State*, 473 S.W.2d 43 (Tex.Cr. App.1971), this Court held:

"It is well to bear in mind that a felony information acts in lieu or of as a substitute for an indictment and its validity is therefore essential to the court's jurisdiction... If an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void. An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily, and knowingly given by the accused while represented by counsel...

\*  \*  \*  \*  \*  \*

To prevent the procedure permitted by Article 1.141, supra, from becoming a fertile breeding ground for future post-conviction habeas corpus applications, it would be better practice to have the written waiver executed in open court by the accused and his counsel, after the accused has been advised of his rights by the court." (Footnote omitted)

See *Ex Parte Hunter*, 604 S.W.2d 188 (Tex. Cr.App.1980).

In *Lackey v. State*, 574 S.W.2d 97 (Tex.Cr.App.1978), it was held that a defendant must personally waive the right to be accused by indictment. Without the personal, intelligent, voluntary and knowing waiver of indictment by an accused, while represented by counsel, the trial court does not have jurisdiction to try an accused upon an information in a felony case. While most rights and procedural matters may be waived, jurisdictional matters may not be. *Lackey v. State*, supra.

We remand this cause with instructions to the trial court to enter findings of fact as to whether or not the petitioner waived indictment in open court or by written instrument, in accordance with Article 1.141, supra. The trial court should file these findings of fact and return them to this Court, together with a copy of any affidavits, depositions, or interrogatories that may be filed. These findings should be forwarded to this Court within 30 days of receipt of this order.

### Opinion After Remand

On June 17, 1981, this cause was remanded to the trial court for findings of facts concerning whether or not petitioner waived the right to be tried by indictment. Although such a waiver did not appear in either the record on direct appeal or the record on the post-conviction writ, we remanded this case, so that if a waiver of indictment did indeed exist, it might reappear.

A hearing was held in the trial court on August 28, 1981; the transcription of that hearing, as well as the trial court's findings and conclusions, are now before this Court. The record reflects the petitioner was indicted for capital murder and aggravated robbery; both indictments arose out of the same transaction. Jan Potts, the prosecutor who tried the murder case

1. The trial court cites *Craven v. State*, 607 S.W.2d 527 (Tex.Cr.App.1980); *Ex Parte Coleman*, 599 S.W.2d 305 (Tex.Cr.App.1979); *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.

1980) and *Boulware v. State*, 542 S.W.2d 677 (Tex.Cr.App.1976) as authority for this conclusion. These cases are not applicable to the instant case, however.

against petitioner, explained that on the day of trial, she realized that it might be difficult to prove that a robbery had occurred; therefore, after discussing the matter with petitioner's defense attorneys, an information for murder was filed.

The petitioner testified at the hearing that when he went to trial on September 13, 1977, he expected to be tried for the offense of aggravated robbery. Petitioner stated that he never waived the right to be indicted for the offense of murder. He also stated that he was not advised by his attorneys that he was being tried by information.

Jan Potts testified that she believed a written waiver of indictment was executed and hypothesized that the instrument was misplaced in a courtroom shuffle.

The Hon. James Zimmermann, who presided over petitioner's murder trial, testified that it was his general practice to first check the court's jacket for the charging instrument before accepting a plea from an accused. Zimmermann stated that he could not remember if there was a written waiver in petitioner's case.

A deposition from petitioner's trial counsel also appears in the record. The attorney stated that although he had no independent recollection of advising the petitioner concerning a waiver of the right to be indicted, he stated that it was certainly his general practice to do so.

As we stated on remand of this case, without the proper waiver of an indictment by an accused, the trial court does not have jurisdiction to try an accused upon an information in a felony case. We cannot conclude, in light of the record before us, that a proper waiver did occur. Accordingly, the relief requested is granted. The judgment is set aside.

Motion for leave to file State's motion for rehearing denied.

McCORMICK, Judge, dissenting.

On original submission of this cause, an en banc Court granted relief to applicant concluding that, absent an affirmative showing of waiver of indictment, the trial court was without jurisdiction to try an accused on an information. Unfortunately, in reaching this conclusion, we misplaced the burden of proof in the habeas proceeding as well as ignored the findings of fact and conclusions of law of the trial court. Being now convinced that we were in error, I would grant the State's motion for rehearing and deny applicant the relief he seeks.

In reaching this conclusion, we must proceed with the understanding that this is a collateral attack on a presumptively valid conviction via Article 11.07, V.A.C.C.P. In such a collateral attack, the burden is on the applicant to prove by a preponderance of the evidence that the conviction is void. *Ex parte Alexander,* 598 S.W.2d 308 (Tex. Cr.App.1980). Additionally, it must be remembered that Article 1.141, V.A.C.C.P., does not require that a waiver of indictment be in writing, but permits waiver in open court. See *Lackey v. State,* 574 S.W.2d 97 (Tex.Cr.App.1978), and *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1971). Thus, the absence of a written waiver is not determinative of the issue.

The findings of the trial court in a postconviction habeas hearing are not binding on this Court, but we cannot in the instant case ignore them, as was done on original submission. See *Ex parte Dickey,* 543 S.W.2d 99 (Tex.Cr.App.1976). In the extensive Findings of Fact and Conclusions of Law filed in the instant case, the trial court found the following:

"Petitioner's testimony was shown to be unbelieveable by impeachment on matters somewhat collateral to the central issue of presence/lack of proper waiver of the right to indictment as well as by impeachment in the nature of inconsistencies within his own testimony which was directly pertinent to the central issue.

"* * *

"The first instance showing lack of credibility is where Petitioner states that he definitely was not in any pre-trial conference in Judge Zimmermann's

chambers prior to his murder trial in Cause No. F77–7325–J. Yet Judge Zimmermann, Jan Potts—the leading prosecutor in the case—and the record all reflect that he was there.

"Additionally, Petitioner at the Writ hearing testified that he understood almost none of the procedure in his murder trial, that Barry Helft only saw him twice, that the only thing Barry Helft explained to him was about waiver of separation of jury, and that he did not understand the difference between indictment and information. Upon an examination of the Trial Statement of Facts, the Trial transcript, the State of Facts in the instant Writ hearing, and the deposition filed by Mr. Helft and sent to the Honorable Court, it is clear that Mr. Helft was lead counsel for Petitioner and did most of the work on the trial. In spite of Petitioner's allegations, it is difficult to understand how a man such as Petitioner with a G.E.D. and who has been to college, as he stated, would not understand anything at all that went on in his murder trial. If he understood nothing, it makes no sense as to why he would sit there when pleading to the information, at the time of sentencing, and throughout the trial without saying anything concerning the fact that he understood nothing at all or, at the very least, without stating that he did not understand what an information was. A deposition filed by Mr. Helft, answering Petitioner's charges of ineffective assistance is worthy of belief. Judge Zimmermann and Jan Potts both testified that Mr. Helft is a very fine and competent defense attorney. This Court believes that his depostion seriously questions Petitioner's allegations of ineffective assistance—those allegations as noted above. Additionally, Petitioner testified that nobody told him that he did not have to testify at his murder trial, yet Judge Zimmermann said that he always advises the defendant of the right to remain silent and not testify.

"This somewhat collateral testimony—some of it being arguably collateral be-cause ineffective assistance of counsel is not in question—is important because it refutes Petitioner's claim that the whole trial was an absolute sham in terms of protections of his rights, which claim was made at the Writ hearing, and tends to show he is attacking anything and everything he can to set aside his conviction.

"Petitioner's testimony is also rendered unbelieveable due to the nature and contradiction of his own testimony with respect to the central issue of waiver of the right to indictment. At one point he states that he knows that he did not waive his right to indictment because the records reflect he did not, and at the next he states that he knows of his own personal knowledge that he did not waive his right to indictment. At another point he states that really, the trial has been too long ago, and he admits that about the only thing he can remember for sure is that he did not waive the right to indictment, adding that that is the only thing he is interested in. One wonders if maybe he really does not remember whether or not he waived the right to indictment or, possibly, whether he is not fabricating the whole thing. Thus, due to contradiction from documents and witnesses on testimony somewhat collateral to the central issue, Petitioner's testimony is unworthy of belief and does not support his case. He fails to support his burden of proof in the face of his own record.

"5. This Court believes that the State has shown there to have been a proper waiver of the right indictment in accordance with Art. 1.141. However, again, it should be noted that the burden of proof is Petitioner's, not the State's.

"Judge Zimmermann, who handled the pre-trial conference and voir dire in the murder case, gave custom and practice testimony which clearly shows that he ensured a proper waiver of indictment in the instant Cause. He indicated that as was his custom and practice with respect to a jury trial going on an information back at the time of the instant jury trial,

he voir dired the jury on an information in the instant Cause and at that time he would have searched for a proper waiver, additionally noting that the word information had been twice mentioned in the pre-trial conference in the instant Cause, providing additional opportunities for the subject of waiver of indictment to be mentioned. He indicated that as many times as the word 'information' was mentioned in the instant Cause, such would have been a 'red flag' to look for a waiver. He added that if he did not find a proper waiver when he looked for one, he would halt the proceedings and tell the lawyers to get one. The Judge noted that he is now and was at the time of the instant trial familiar with the requirements of Art. 1.141 as to the requirements for a proper waiver of indictment and that the waiver he was interested in finding was a proper written waiver which both the defendant and defense counsel had signed.

"This Court does not believe that Judge Zimmermann made any kind of mistake with respect to failing to look for, find, and ensure a proper waiver of the right to indictment.

"Jan Potts, the lead prosecutor in the trial, stated that she believed strongly that there was a proper written waiver and that there is no chance that she overlooked having a proper written waiver in this case, that she would not overlook ensuring such a fundamental constitutional right of the defendant. She stated that the type of waiver that she was talking about was one that Petitioner, Barry Helft, and Terry Diggs all signed. She did not state that she specifically remembered a written waiver, yet her custom and practice testimony is strong. She noted that the type of waiver that she was talking about is one in which Petitioner, Barry Helft, and Terry Diggs all signed.

"Additionally, this Trial Court would note that Mel Bruder was one of the appellate attorneys in Cause No. F77–7325–J. Judge Zimmermann, who has appointed Mr. Bruder on many appeals,

stated that there is almost no chance that Mel Bruder would have missed the error alleged by Petitioner. Jan Potts testified that in her opinion neither Mel Bruder, Barry Helft, nor Terry Diggs will let the alleged error go without raising it.

"This Court holds Jan Potts' testimony, as it does Judge Zimmermann's testimony, to be fully credible and worthy of belief.

"In summation, again, this Court believes that a proper waiver of the right to indictment in accordance with Art. 1.141 has been shown."

In light of the findings of the trial court, which are clearly supported by the record before us, the applicant has failed to meet his burden. This record dictates that relief be denied. To the failure of the majority to grant the State's Motion for Leave to File Motion for Rehearing, I dissent.

TOM G. DAVIS and MILLER, JJ., join in this dissent.

CAMPBELL, J., not participating.