**In the Matter of A.R.A., Appellant.**

No. 03–94–00064–CV.

Court of Appeals of Texas, Austin.

April 26, 1995.

Linda Icenhauer–Ramirez, Icenhauer–Ramirez & Hubner, P.C., Austin, [Court-Appointed], for appellant.

Ronald Earle Dist. Atty.,

Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for State.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

A.R.A., a juvenile, pleaded guilty to the charge of murder and the trial court imposed a determinate sentence of thirty-five years. He appeals the trial court's order transferring his custody from the Texas Youth Commission to the Texas Department of Criminal Justice—Institutional Division. He contends by one point of error that the order is void because the State did not present the petition to adjudicate him to the grand jury. Tex.Fam.Code Ann. § 53.045 (West Supp. 1995). We will affirm the order.

On September 25, 1992, the State filed an original petition for waiver of jurisdiction and discretionary transfer of the murder case to the criminal district court. The State later orally amended its petition in order to forgo transfer to the adult justice system and to seek an adjudication of delinquency. The State did not file a written petition for adjudication in the trial court. Nor did the State present a petition for adjudication to the grand jury pursuant to section 53.045 for the purpose of supporting the potential transfer of A.R.A. from TYC to the penitentiary. The same day that the State orally amended its petition, November 16, 1992, the trial court found that A.R.A. had committed delinquent conduct and imposed its determinate sentence. In October 1993, the court held a hearing and signed an order transferring A.R.A. to the penitentiary system.

By his sole point of error, A.R.A. contends that the November order was void. He argues that the State's failure to present the petition for adjudication to the grand jury rendered the November 1992 disposition and October 1993 transfer orders void.

The State moves to dismiss this action as untimely filed. The State concedes that the appeal of the transfer order was timely, but contends that this appeal actually attacks the disposition order; the time for appeal of the disposition order elapsed long before A.R.A. filed this appeal.

■ We decline to dismiss this action. We have held that attacks on the validity of the statute allowing transfer of juveniles to the penitentiary system do not ripen until the transfer occurs. *In the Matter of R.L.H.*, 771 S.W.2d 697, 700 (Tex.App.—Austin 1989, writ denied). We reasoned that, until the court attempted to transfer the juvenile to the penitentiary system, it violated no constitutional protections regarding incarceration. *Id.* Any opinion would have been impermissibly advisory. *Id.* Similarly, the alleged procedural defect in the disposition order here did not ripen until the State attempted to transfer the juvenile. Because we would have rebuffed as unripe any pre-transfer challenge to the disposition, we cannot now reject as untimely a post-transfer challenge to the validity of the transfer and the underlying disposition order. We overrule the motion to dismiss.

A.R.A.'s appeal nevertheless fails based on proceedings below and on appeal.

■ Juveniles can waive the requirement of presentation to the grand jury. Indictment by grand jury is a precondition to imprisonment. Tex. Const. art. I, § 10. Adults can nevertheless waive the right to indictment for noncapital offenses. Tex.Code Crim.Proc.Ann. § 1.141 (West 1977); *see also King v. State*, 473 S.W.2d 43, 51 (Tex.Crim. App.1971) (upholding the constitutionality of the waiver statute). Grand jury approval of the petition to adjudicate a juvenile on one of six major felonies fulfills the indictment re-

quirement.[1] *R.L.H.*, 771 S.W.2d at 699–700. Juveniles can waive their constitutional rights if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is made in writing or in court proceedings that are recorded.

Tex.Fam.Code Ann. § 51.09(a) (West 1986). Nothing in the Family Code or other statutes indicates that the right to grand jury presentation cannot be waived. Because adults can waive indictment, we see no reason that juveniles cannot waive its corollary. We hold that juveniles may waive the presentation requirement pursuant to section 51.09(a).

■ The record on appeal does not require us to reverse the transfer order. Reversibility depends upon a finding that the underlying disposition order was void. The appellant bears the burden to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d). Absent a complete record, we must presume that the evidence before the trial judge adequately supported the decision. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *In the Matter of C.C.G.*, 805 S.W.2d 10, 13 (Tex.App.—Tyler 1991, writ denied) (though record of hearing transferring juvenile to adult justice system contained no copies of summons or returns thereof, court presumed proper service where juvenile failed to request that all service be included in record). No waiver, written or recorded, appears in the record. Though the State asserts no written waiver, it contends that A.R.A. and his attorney waived presentation in the recorded disposition hearing; A.R.A. did not contradict the State's assertions. The record contains evidence that the disposition hearing was recorded: an excerpt from the statement of facts of that hearing appears in Joint Exhibit 1, and the State refers to specific page num-

bers of the statement of facts of the disposition hearing at which any waiver would have occurred. The statement of facts of the disposition hearing is not before us, however; the statement of facts specified by A.R.A. and included in the record covers only the transfer hearing. A.R.A. has not provided a record sufficient to show us that the necessary waiver did not occur during the recorded disposition hearing. We must presume that the waiver occurred. We overrule point one.

We affirm the trial court's transfer order.

---

**1.** The six felonies are murder, capital murder, attempted capital murder, aggravated kidnapping, aggravated sexual assault, and deadly assault on a law enforcement officer, corrections officer, or court participant. Tex.Fam.Code Ann. § 53.045(a) (West Supp.1995).