**Ex parte Marshall Lynn LONG.**

Nos. 72089, 72090.

Court of Criminal Appeals of Texas, En Banc.

Nov. 22, 1995.

Martha McGregor, Hillsboro, for appellant.

Dan V. Dent, District Attorney, Hillsboro, Robert A. Huttash, State's Atty., Austin, for State.

## OPINION

WHITE, Judge.

This is an application for a writ of habeas corpus transmitted to this Court pursuant to Article 11.07, § 2, et seq., V.A.C.C.P. Applicant was convicted of the offense of felony driving while intoxicated and bond jumping, upon informations. The trial court sentenced applicant to confinement for five and ten years, respectively, to run concurrently. No appeals were taken.

Applicant contends, inter alia, that he never waived indictment and therefore the conviction is invalid. Tex. Const., Art. V, § 12; Article 1.141, V.A.C.C.P.; *Ex parte Smith,* 650 S.W.2d 68, 69 (Tex.Cr.App.1981). Following remand from this Court, the trial court found that although applicant agreed to a plea bargain of which a waiver of indictment was an integral part, the record shows no indication of such a waiver being entered either in open court or in writing. The terms of the plea bargain required applicant to waive indictment and to plead guilty or nolo contendere to the two offenses in exchange for the prosecution's recommendation that the sentences assessed run concurrently.

■ We filed and set the application to determine two issues: (1) does a conviction obtained through an information require the waiver of indictment to appear on the record so that the jurisdiction of the trial court can vest; and, (2) does the right to indictment require an express waiver on the record, such that its absence constitutes error subject to collateral attack absent objection at trial or a showing of harm. The answer to both issues is no.

■ "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." Tex. Const., Art. V, § 12. After jurisdiction vests, a defendant has a duty to object to any defects of form or substance or such is waived. *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Cr.App. 1990). Article 1.14(b), V.A.C.C.P. In *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1971), we upheld the waiver of indictment holding it was a personal right and not jurisdictional. The return of an indictment is not required to confer jurisdiction on the trial court in that waiver of the right to an indictment is permissible. *King,* 473 S.W.2d at 52.

■ The remaining question is whether the absence of a waiver of indictment is of statutory or constitutional dimension. The right to a grand jury indictment is guaranteed by both the United States and Texas Constitutions. U.S. Const., amend. V; Tex. Const., Art. I, § 10. However, the legislature has provided procedures by which that right may be waived. Art. 1.141, V.A.C.C.P. Further, a waiver of an indictment is not of constitutional dimension. *King,* 473 S.W.2d at 51. The waiver itself is governed by the statute. Article 1.141, V.A.C.C.P. A failure of a trial court to adhere to statutory procedures serving to protect a constitutional provision is a violation of the statute, not a violation of the constitutional provision itself. *Ex parte Sadberry,* 864 S.W.2d 541 (Tex.Cr. App.1993). In that case we wrote, "While we do not sanction noncompliance with procedural rules designed to safeguard constitutional rights, the writ was not intended to provide for relief for such noncompliance where the record is otherwise clear on the rights to which the procedural formalities pertain." *Id.* at 543. When an applicant did not claim he desired and was deprived of the constitutional right, that he did not intend to waive that right or that he was otherwise harmed, relief would not be granted where the record was clear that applicant agreed to waive the constitutional right involved but the waiver did not follow statutorily mandated procedures. Ibid. The same principles apply in the case at bar. Applicant herein does not claim that he desired and was denied the right to be charged by indictment. Nor does he claim that he did not intend to

waive indictment—indeed the terms of the plea bargain would belie such a claim. He states only that he did not follow the statutory procedures. He claims no harm.

■ Applicant requests post conviction relief through a writ of habeas corpus. The writ of habeas corpus provides limited review of claimed jurisdictional defects or claims of denials of fundamental or constitutional rights. *Ex parte Watson,* 601 S.W.2d 350, 352 (Tex.Cr.App.1980). As stated, the trial court's jurisdiction vested upon presentment of an information to the court. Therefore, applicant has the burden of showing a denial of his right to indictment. *Studer,* 799 S.W.2d at 267. Since a failure to adhere to statutory procedures designed to safeguard constitutionally protected rights is a statutory violation, *Sadberry,* 864 S.W.2d at 543, applicant's burden of proof requires a showing of harm as well as an irregularity in the trial proceedings. Ex parte Tovar, 901 S.W.2d 484 (Tex.Cr.App.1995). Applicant has failed to carry his burden of proof in this case. Accordingly, all relief requested is denied.

MEYERS, Judge, concurring.

What makes this case a little more difficult than it would otherwise be is the split personality of *King v. State,* 473 S.W.2d 43 (Tex.Crim.App.1971), upon which Judge Clinton relies in his dissenting opinion. Almost 25 years ago, this Court established in *King* that the return of an indictment is not a prerequisite to the exercise of jurisdiction by district courts in felony cases. At issue in that case was a new statute authorizing criminal defendants to waive the constitutional requirement of an indictment and proceed to trial on the basis of an information filed by the district attorney. The constitutionality of this statute plainly depended upon whether an indictment was indispensable to the trial court's jurisdiction, since the requisites of a court's jurisdiction can never be waived. Ultimately, this Court concluded that the return of an indictment is not jurisdictional, but merely a right of defendants to be accused by a grand jury rather than by the district attorney. Since *King* it has been the law that felony defendants may waive their right to an indictment and elect to be accused by information.

In the final paragraphs of its opinion the Court cautioned, however, that when an indictment has been waived by the defendant "a felony information acts in lieu of or as a substitute for an indictment and its validity is therefore essential to the court's jurisdiction." *King,* 473 S.W.2d at 52. The most intelligent way to understand this statement is, I think, to take it as an admonition that the pleading requisites of a felony information are as rigorous as those of an indictment. In other words, the information must still charge a person with the commission of a criminal offense and meet other substantive pleading requirements applicable to the instrument it replaces, all of which were considered essential to the court's jurisdiction at that time. Only the defendant's personal right to a screening by the grand jury could be waived under the statute.

The Court in *King* also concluded with the further admonition, which Judge Clinton cites in his dissenting opinion, that "[i]f an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void." *King,* 473 S.W.2d at 52. This remark is a little startling because it is odd to speak of a court's jurisdiction as depending upon the effective waiver by a defendant of his personal rights. Certainly it is an error to proceed with a felony trial on the basis of an information if the defendant has not waived his right to be indicted by a grand jury. Moreover, this right is clearly of such importance that it must be expressly waived and cannot be lost by default. I would even hold, therefore, that failure of the trial court to honor it is a defect that may be raised for the first time on appeal. But void? The Court in *King* said so and Judge Clinton is willing to go along, but I think the comment must have been a mistake.

In the first place, failure to follow statutory procedures for the waiver of an indictment in felony cases is not numbered among the objectionable defects, either formal or substantive, of an information itself. But even if it were numbered among such defects, failure to complain of it before trial would constitute

a forfeiture of the right to complain of it on appeal or in any other postconviction proceeding under contemporary law. Tex.Code Crim.Proc. art. 1.14(b). Only if, on account of the defect, it could be said that the charging instrument was not an information at all would it be plausible to argue under our present jurisprudence that the defect was actually jurisdictional. *Cook v. State,* 902 S.W.2d 471 (Tex.Crim.App.1995).

Our Constitution defines an information as "[a] written instrument presented to a court by an attorney for the State charging a person with the commission of an offense." Tex. Const. art. V, Sec. 12(b). No one claims that the instrument here in question did not meet this definition. Judge Clinton comes closest when he argues that "[a] void information is the same as no information at all." Dissenting Opinion of Clinton, J., at p. 489 (internal quotation marks omitted). But, of course, it is not exactly the same. While it is true that a void information is no more effective to confer jurisdiction than is no information at all, saying so only begs the question of what is actually necessary in an information under today's law to confer jurisdiction. And the answer to that question, as we know, is a good deal different now than it was when *King* was written. Suffice it to say that, because the instrument here in question met the constitutional definition of an information and because there are no longer any defects of an information which are jurisdictional, it follows that the instrument here in question cannot be regarded as void on the ground that it was not an information or upon the ground that it was a defective information. Accordingly, I cannot agree with Judge Clinton's contrary conclusion.

Moreover, even if we accept the dubious proposition currently supported by our precedents that judgments of conviction may be collaterally attacked, not only on the basis of claims that the convicting court lacked jurisdiction of the case, but also on the ground that the defendant was deprived of some fundamental or constitutional right during the proceeding, there is no claim of any such deprivation in the instant cause. Applicant contends only that statutory procedures for the waiver of indictment were not scrupulously observed. Accordingly, he is not entitled to relief unless failure to follow such procedures somehow divested the trial court of jurisdiction. In spite of *King*'s rather loose language supporting this proposition, advanced without any citation of controlling authority or persuasive argument whatsoever, I simply cannot accept as law the bare assertion that mere disobedience of an elective procedural statute is fatal to the subject-matter jurisdiction of a court. To the extent that *King* can be read to support such a proposition, I would disapprove it.

Accordingly, I would join the majority opinion in this case but for its failure to acknowledge that *King* is authority for a contrary result. I agree with Judge Clinton that, without overruling *King*, "we are constrained to hold that in the absence of a written waiver or waiver in open court, the trial court lacked jurisdiction to proceed to conviction." Dissenting Opinion of Clinton, J., at p. 489. But, unlike Judge Clinton, I cannot accept *King*'s bare assertion of voidness, especially in light of our contemporary jurisprudence. I would, therefore, expressly overrule that part of *King* which purports to hold that a district court lacks jurisdiction of an offense charged by felony information unless the defendant has waived his right to an indictment in the exact manner prescribed by statute. Upon this rationale, I concur here only in the Court's result.

CLINTON, Judge, dissenting.

Ordinarily I would agree that the mere violation of a statute is not a matter that ought to be cognizable in post-conviction collateral attack. However, when a statute identifies a fundamental systemic requirement, see *Marin v. State,* 851 S.W.2d 275 (Tex.Cr.App.1993), then the State's otherwise legitimate interest in the finality of convictions must give way in the wake of a failure to follow that requirement. *Ex parte Sadberry,* 864 S.W.2d 541, 545 (Tex.Cr.App.1993) (Clinton, J., dissenting); Ex parte Tovar, 901 S.W.2d 484, 486–88 (Tex.Cr.App.1995) (Clinton, J., dissenting). In my view, Article 1.141 identifies such a requirement.

Article 1.141 permits an accused to "waive *the right* to be accused by indictment" so

long as his waiver is voluntary, and "in open court or by written instrument." [1] Shortly after this provision was added to the Code of Criminal Procedure in 1971, it was attacked on the grounds that in cases of felony an indictment is not just a "right" of the accused; rather, it is necessary prerequisite to the trial court's exercise of its jurisdiction, under Article I, § 10 of the Texas Constitution. In *King v. State*, 473 S.W.2d 43 (Tex. Cr.App.1971), this Court repelled that attack, holding that the language of Article I, § 10, that "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury," conferred a personal right upon the criminal accused, which could be expressly waived. As long as the waiver was properly executed, the information is sufficient to vest jurisdiction in the trial court. However, writing for the Court, Judge Onion made it clear that in the absence of an indictment, a trial court acquires jurisdiction only when Article 1.141 is complied with:

> "If an accused has not effectively waived his right to indictment in full accordance with the statute the felony information is void. An indictment is still mandatory in absence of a valid waiver."

*Id.*, at 52. Thus the Court created a sort of hybrid. On the one hand we seemed to identify grand jury indictment in felony cases as a personal right, optional with the defendant. On the other hand, we indicated that in the absence of a waiver of indictment made under the express terms of the *statute*, a felony information would be "void." Surely a conviction that rests upon a void information would be challengeable in post-conviction collateral attack under any rational scheme of cognizability!

In essence, the Court in *King* made jurisdiction of the trial court contingent upon a valid waiver *under the statute*. Moreover, we have held that the statutory waiver cannot *itself* be waived, because it is a "condition precedent to the court acquiring jurisdiction[.]" *Lackey v. State*, 574 S.W.2d 97, at 100 (Tex.Cr.App.1978). In that sense, compliance with the statute is a fundamental requirement. Unless the Court is prepared to overrule that aspect of *King*, under the prevailing regime of habeas cognizability the Court must reach the merits of applicant's claim, predicated though it may be upon the violation of a statute. *Ex parte Banks*, 769 S.W.2d 539 (Tex.Cr.App.1989). This is precisely what we did in *Ex parte Smith*, 650 S.W.2d 68 (Tex.Cr.App.1981), which the majority fails to mention, much less overrule.

The majority opinion cites *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), for the proposition that presentation of an information to the trial court is sufficient to vest it with jurisdiction. Maj. op. at 486. Of course it is true that after *Studer*, an indictment or information that is defective as to either form or substance will nevertheless serve to invoke the jurisdiction of the trial court. Article 1.14(b), V.A.C.C.P. Still, what is presented to the trial court must *be* an information, in the contemplation of Article V, § 12(b) of the Texas Constitution, before it can be said that the trial court's jurisdiction has been invoked. *Cook v. State*, 902 S.W.2d 471, at 477–480 (Tex.Cr.App.1995). In the absence of a waiver of indictment that satisfies the statutory requisites, an information is "void." *King*, supra at 52. A "void" information is the same as no information at all. It would not seem to me that presenting it to the trial court would serve to invoke that court's jurisdiction. See *Cook v. State*, supra, at 475, n. 1. The Court should at least address the question why a void information nevertheless meets the Article V, § 12(b) definition.

The majority concludes that applicant "has the burden of showing a denial of his right to indictment. *Studer*, 799 S.W.2d at 267." Of course the applicant has the burden to prove *any* contention raised in a post-conviction collateral attack, *Studer* or no *Studer*.[2] But we have held that the failure to comply with Article 1.141 essentially *is* the same as failure to waive the right to indictment. *King*,

---

1. All emphasis supplied unless otherwise indicated.

2. I must say, however, that when I turn to page 267 of the Court's opinion in *Studer*, I find noth-

ing to support the majority's particular assertion that applicant must prove denial of his right to indictment.

supra; *Lackey,* supra. Unless we overrule these cases, we are constrained to hold that in the absence of a written waiver or waiver in open court, the trial court lacked jurisdiction to proceed to conviction. All applicant need show to meet his burden is that the record reflects neither mode of waiver. *Ex parte Smith,* supra.

Because the Court will neither follow existing precedent nor disavow it, I dissent.

OVERSTREET, J., joins.

