

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0658-16

**Ex parte MIKE ANGEL ULLOA, Appellant**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS MONTGOMERY COUNTY

**KELLER, P.J., delivered the opinion of the unanimous Court.**

Does an information toll the running of limitations in a felony case when the defendant did not waive his right to an indictment? We conclude that it does. Consequently, we affirm the judgment of the court of appeals.

### I. BACKGROUND

Appellant was charged with two counts of tampering with physical evidence.[1] The alleged date of the offenses was December 21, 2009. The offenses were originally charged by complaint and

---

[1] The allegations were that he knowingly altered, destroyed, or concealed (1) a human corpse and (2) duct tape while knowing that a murder investigation was pending or in progress.

information on February 2, 2011.[2] They were then charged by indictment on May 3, 2011. This indictment was dismissed on April 17, 2012. The offenses were again charged by complaint and information on February 26, 2014. Finally, the offenses were charged in the current indictment on August 20, 2015.

Appellant filed a pretrial habeas application alleging that the three-year limitations period for the offenses had run. The question before the trial court was whether the running of limitations was tolled during periods in which an information—but no indictment—was pending. If the pendency of an information tolled the running of limitations, then the State's prosecution was not time-barred, but if tolling did not occur, then the three-year limitations period had expired. The trial court denied the habeas application, and appellant appealed.

Relying upon Article I, § 12 of the Texas Constitution and upon *Ex parte Long*,[3] the court of appeals held that an information tolls the running of limitations in a felony case.[4] The court of appeals said that, under Article I, §12, "the presentment of either an indictment or an information to a court that would otherwise have jurisdiction over the case invests that court with jurisdiction of the cause."[5] The court further explained that "return of an indictment is not necessarily required to confer jurisdiction on a district court because a district court's jurisdiction in a felony case vests upon presentment of an information, and the defendant's right to be charged by an indictment can be

---

[2] The human corpse and duct tape allegations were the subject of separate complaints and informations, all filed on the same day.

[3] 910 S.W.2d 485 (Tex. Crim. App. 1995).

[4] *Ex parte Ulloa*, No. 09-15-00398-CR, 2016 Tex. App. LEXIS 2953, *5-6 (Tex. App.—Beaumont March 23, 2016) (not designated for publication).

[5] *Id.*, 2016 Tex. App. LEXIS 2953, *5.

waived.["6] The court of appeals affirmed the trial court's denial of habeas relief.[7]

## II. ANALYSIS

The tampering charges are both felonies.[8] No provision specifically prescribes a limitations period for tampering with physical evidence,[9] so the catch-all provision for felonies applies, providing a limitations period of three years.[10]

The State argues that limitations was tolled during the pendency of the informations by virtue of Article 12.05. That article provides:

> The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.[11]

The date on which appellant's offenses were alleged to have been committed was December 21, 2009, and the current indictment was returned on August 20, 2015. The time period between those two dates exceeds three years, but two informations were filed in this case. Each information was terminated by the return of an indictment. If the time periods between the filing of each information and the return of the corresponding superseding indictment are excluded, then less than three years

---

[6] *Id.* at *6.

[7] *Id.* Although the indictment did not contain tolling language referring to the informations, the court of appeals held that it could be amended to include such language, so any defect in the indictment was reparable, which meant that the trial court's denial of the habeas application did not affect appellant's substantial rights. *Id.*

[8] *See* TEX. PENAL CODE § 37.09(a), (c) (3rd degree felony unless tampering is with a human corpse, then 2nd degree felony).

[9] *See* TEX. CODE CRIM. PROC. art. 12.01.

[10] *Id.* art. 12.01(7).

[11] *Id.* art. 12.05(b).

elapsed for limitations purposes. The question is whether these informations were pending for the purpose of Article 12.05.

When construing a statute, we give effect to the plain meaning of its text unless the language of the statute is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended.[12] If the legislature has specifically defined a word or phrase, we must give effect to that statutory definition.[13] If the language of a statute is ambiguous, we may consider extratextual factors such as the legislative history, the common law, and the consequences of a particular construction.[14] We also take into account any prior caselaw construing a statute.[15]

The phrase "during the pendency" is defined by Article 12.05 to mean

that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.[16]

This language indicates that, as long as an information is pending in a court of competent jurisdiction, then it is considered to be pending for purposes of Article 12.05. We have suggested that the purpose of Article 12.05, including subsection (c), was to overturn the common law rule that a charging instrument "on which no valid conviction or judgment can be had" would not toll the

---

[12] *Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[13] TEX. GOV'T CODE § 311.011(b) ("Word or phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."); *Ex parte Vela*, 460 S.W.3d 610, 612 & n.6 (Tex. Crim. App. 2015).

[14] *Chase*, 448 S.W.3d at 11; TEX. GOV'T CODE § 311.023.

[15] *Williams v. State*, 273 S.W.3d 200, 215 (Tex. Crim. App. 2008).

[16] TEX. CODE CRIM. PROC. art. 12.05(c).

running of limitations.[17]

Appellant argues that a court is not a court of competent jurisdiction in a felony prosecution if the charging instrument is an information because an information is not a correct charging instrument for felony offenses. He relies upon *Hultin v. State* for the proposition that three things are required for a court to be a court of competent jurisdiction: (1) authority over the person, (2) authority over the subject matter, and (3) power to enter the particular judgment rendered.[18] He also relies upon *Ex parte Ward* and several court of appeals decisions for the proposition that an inappropriate charging instrument does not confer jurisdiction sufficient to toll the running of limitations.[19]

Appellant's contention that an information is not an appropriate charging instrument for a felony offense is an overstatement because an information is appropriate for a noncapital felony if the defendant waives the right to be accused by indictment.[20] It is true that, in the past, a valid waiver of indictment was necessary before jurisdiction in a felony case would be conferred by

---

[17] *Vasquez v. State*, 557 S.W.2d 779, 783-84 (Tex. Crim. App. 1977) (in part quoting 21 Am. Jur. 2d, § 163 pp. 229-30: "Generally, the return of an indictment or the filing of an information on which no valid conviction or judgment can be had will not, *in the absence of a statute expressly so providing*, operate to stop the running of the statute of limitations pending the return or filing of another indictment or information.") (emphasis in *Vasquez*).

[18] *See Hultin v. State*, 171 Tex. Crim. 425, 434-35, 351 S.W.2d 248, 255 (Tex. Crim. App. 1961).

[19] *See Ex parte Ward*, 560 S.W.2d 660 (Tex. Crim. App. 1978); *State v. Drummond*, 472 S.W.3d 857 (Tex. App.—Houston [1st Dist.] 2015), *rev'd*, 501 S.W.3d 78 (Tex. Crim. App. 2016); *State v. Edwards*, 808 S.W.2d 662 (Tex. App.—Tyler 1991, no pet.); *Marbach v. State*, 773 S.W.2d 411 (Tex. App.—San Antonio 1989, no pet.).

[20] TEX. CODE CRIM. PROC. art. 1.141.

information.[21]  But a 1985 amendment to Article I, § 12 added the following language:

> The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.[22]

In *Ex parte Long*, we held that the failure to satisfy the statutory requirements for waiving an indictment did not deprive the trial court of jurisdiction.[23]  Appellant's reliance on *Hultin* is misplaced because that case predated the constitutional amendment.  Although a court must still have jurisdiction over the type of offense (i.e. subject matter jurisdiction) to be a court of competent jurisdiction, Article I, § 12 confers jurisdiction over a person upon the filing of an indictment or information.[24]

---

[21]  *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex. Crim. App. 1982) ("Without the personal, intelligent, voluntary and knowing waiver of indictment by an accused, while represented by counsel, the trial court does not have jurisdiction to try an accused upon an information in a felony case.")

[22]  TEX. CONST. art. I, § 12(b) (effective November 5, 1985).

[23]  910 S.W.2d at 486-87 ("[T]he trial court's jurisdiction vested upon presentment of an information to the court.  Therefore, applicant has the burden of showing a denial of his right to indictment.").

[24]  *Hultin* relies upon 16 TEX. JUR. 2D 357, § 200, for the three requisites of jurisdiction. TEX. JUR. 2D does not discuss "jurisdiction to enter the particular judgment rendered" in detail, but it cites to *Ex parte Degener*, 30 Tex. Ct. App. 566, 17 S.W. 1111 (1891), which contains a discussion of the concept.  16 TEX. JUR. 2D 334, § 181 n.12.  *See Degener*, 30 Tex. Ct. App. at 574-77, 17 S.W. at 1113-15.  This type of jurisdiction is separate from "the power to hear and determine the particular matter, and to render some judgment thereon."  *Id.* at 574, 17 S.W. 1113.  The meaning of "the power to enter the particular judgment rendered" was subject to "much conflict of opinion" but this type of jurisdiction was sometimes said to be lacking when the "judgment or order of commitment is harsh, excessive, and unjust" or the conviction is for a matter for which "by law no man ought to be punished" because there is a "clear and manifest want of criminality."  *Id.* at 575-76, 17 S.W. at 1114.  This type of jurisdiction is not at issue here, so we need not decide whether it is still recognized or its scope under contemporary jurisprudence.  TEX. JUR. 2D also discusses "territorial jurisdiction," which involves whether the defendant has a connection to the State of Texas sufficient to be prosecuted for a violation of its criminal laws.  16 TEX. JUR. 2D 352, § 196.  This type of jurisdiction is also not implicated here.

Likewise, *Ex parte Ward* predates the constitutional amendment. *Ward* is distinguishable for other reasons as well. There, the State had filed a complaint in a justice court.[25] The justice court was not a court of competent jurisdiction because it did not have jurisdiction over felony offenses.[26] Moreover, a complaint is not one of the two documents listed in Article I, § 12 that vest a trial court with jurisdiction upon presentment.[27]

The court of appeals cases that appellant cites are likewise distinguishable. Unlike *Ward*, these cases involved a filing that was in a court with subject matter jurisdiction over the grade of the offense in question, but like *Ward*, the document that was filed was a complaint, or at least purported to be one.[28] Although we reversed the court of appeals in *Drummond*, we declined to address whether a complaint would toll limitations because we concluded that the document purporting to be a complaint was also an information.[29] We need not address today whether a complaint would be sufficient to toll limitations in cases other than Class C misdemeanors. Our holding is simply that an information is sufficient to do so in a felony case.

We affirm the judgments below.

Delivered: March 22, 2017

Publish

---

[25] *Ward*, 560 S.W.2d at 662.

[26] *Id.*

[27] *See* TEX. CONST. art. I, § 12(b) (referring to "indictment or information").

[28] *Drummond*, 472 S.W.3d at 860 (complaint filed without information did not toll limitations for Class A misdemeanor); *Edwards*, 808 S.W.2d at 663 (complaint filed without information did not toll limitations for Class B misdemeanor); *Marbach*, 773 S.W.2d at 412 (same).

[29] *Drummond*, 501 S.W.3d at 79, 83, 84 & n.9.