

# NUMBER 13-24-00120-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF J.P.S.

---

### ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
### OF NUECES COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Silva
### Memorandum Opinion by Justice Benavides

Appellant J.P.S. (Jesse)[1] appeals from the trial court's order finding that he engaged in delinquent conduct and imposing a determinate sentence of thirty years' commitment. *See* TEX. FAM. CODE ANN. § 54.04(d). By a single issue, Jesse argues the trial court erred by rendering a determinate sentence, as the State did not receive grand jury approval of its petition. We reverse and remand.

---

[1] We refer to J.P.S. by an alias. *See* TEX. R. APP. P. 9.8(c)(2).

# I.     BACKGROUND

On August 29, 2023, the State filed its "Original Petition for Discretionary Transfer to Adult Criminal Court"[2] alleging that the State "has information and reason to believe and does believe" that Jesse engaged in delinquent conduct by committing or engaging in: (1) murder, (2) aggravated assault, (3) organized criminal activity, (4) unlawful carrying of a handgun, and (5) evading arrest. TEX. PENAL CODE ANN. §§ 19.02, 22.02, 38.04, 46.02, 71.02.

However, the State never urged a transfer to adult criminal court, and on November 30, 2023, the juvenile court held an adjudication hearing, during which Jesse entered an open plea of true to the allegations contained in the State's petition. The court admonished Jesse that he was facing "anywhere from probation to TJJD"[3] on the first three charges and "anywhere from probation to placement outside the home" on the final two charges. The court also admonished Jesse on his rights: (1) to a trial either by jury or before the court; (2) to confront witnesses; and (3) to remain silent. Jesse, who was seventeen years old at the time of the hearing, agreed to waive these rights.

On January 29, 2024, the trial court held its disposition hearing. The State requested the maximum sentence, which it informed the court was "40 years" served "both in the TJJD and in the adult jail or adult prison system." Jesse's attorney explained that he "had a discussion with [his] client in regards to the maximum sentence," and that Jesse "understands that we are asking the Court to consider between 15 to 20 years."

---

[2] The title of the petition is in all capital letters in the record. We have altered this for ease of readability.

[3] "TJJD" refers to the Texas Juvenile Justice Department.

2

The State called several witnesses to discuss the facts of the case and Jesse's behavior throughout the lifespan of the case.

When the State rested, the trial court explained:

> The Court can find that you—you know, basically that you are in need of rehabilitation and that, you know, the public is therefore in need of protection. And so that's where we are right now. Okay. And then I'll decide, after having heard everything, that [sic] either to do nothing, or to place you on probation for any period of time not to exceed your 18th birthday, or to place you in the custody of TJJD where they can keep you for any time up to your 19th birthday. Okay. Those are the three different things that can happen.

But at the conclusion of the hearing, the trial court imposed a determinate sentence of thirty years. The trial court also signed an order to that effect the same day. This appeal followed.

## II.    DETERMINATE SENTENCE

Jesse argues that the trial court erred by imposing a determinate sentence in this case, as the State's petition was not approved by the grand jury.

## A.    The Right to Indictment & Grand Jury Approval

The Texas Constitution provides that for crimes in which the potential punishment is imprisonment, "no person shall be held to answer for a criminal offense[,] unless on an indictment of a grand jury." TEX. CONST. art. 1, § 10. "Unlike in civil cases, where personal jurisdiction over a party may be had merely by that party's appearance before the court, criminal jurisdiction over a person requires the filing of a valid indictment or information." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018). Prior to 1985, "a valid waiver of indictment was necessary before jurisdiction in a felony case would be conferred by information." *Ex parte Ulloa*, 514 S.W.3d 756, 759 (Tex. Crim. App. 2017); *see King v.*

3

*State*, 473 S.W.2d 43, 51–52 (Tex. Crim. App. 1971) ("It is well to bear in mind that a felony information acts in lieu of or as a substitute for an indictment and its validity is therefore essential to the court's jurisdiction."). Therefore, if a felony conviction was entered without an indictment or a valid waiver thereof, such a conviction would be void. *See Ex parte Smith*, 650 S.W.2d 68, 70 (Tex. Crim. App. 1981); *Lackey v. State*, 574 S.W.2d 97, 100 (Tex. Crim. App. [Panel Op.] 1978); *King*, 473 S.W.3d at 52.

However, in 1985, our state constitution was amended to provide that "[t]he presentment of an indictment *or* information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12 (emphasis added); *see Ex parte Ulloa*, 514 S.W.3d at 759 ("Article V, § 12 confers jurisdiction over a person upon the filing of an indictment or information."). Accordingly, "the failure to satisfy the statutory requirements for waiving an indictment d[oes] not deprive the trial court of jurisdiction." *Ex parte Ulloa*, 514 S.W.3d at 759 (citing *Ex parte Long*, 910 S.W.2d 485, 486–87 (Tex. Crim. App. 1995)). Nonetheless, the right to an indictment, both before and after the 1985 amendment, "is a waivable right, which 'must be implemented by the system unless expressly waived.'" *Woodard v. State*, 322 S.W.3d 648, 657 (Tex. Crim. App. 2010) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)); *see King*, 473 S.W.2d at 52.

In the juvenile justice context, grand jury approval of the State's petition operates similarly to an indictment in an adult criminal proceeding. TEX. FAM. CODE ANN. § 53.045(d) ("For the purpose of the transfer of a child to the Texas Department of Criminal Justice . . . , a juvenile court petition approved by a grand jury under this section is an indictment presented by the grand jury."); *In re D.S.*, 833 S.W.2d 250, 252 (Tex.

4

App.—Corpus Christi–Edinburg 1992, writ denied) ("The legislature exercised its constitutional power in the determinate sentencing statutes by providing that a petition is approved by a grand jury in the same manner that the grand jury votes on the presentment of an indictment."); *In re S.J.*, 977 S.W.2d 147, 149 (Tex. App.—San Antonio 1998, no pet.) ("Grand jury certification in a juvenile case is thus obtained in the same manner and serves the same legal purpose as an indictment in a criminal case."). To that end, grand jury approval satisfies the state constitutional right to an indictment. TEX. CONST. art. I, § 10; *see In re T.D.H.*, 971 S.W.2d 606, 609 (Tex. App.—Dallas 1998, no pet.) (explaining that a petition approved by a grand jury and certified to the juvenile court "satisfies the constitutional requirement of an indictment").

If a grand jury approves the State's petition, the State may proceed under the family code's determinate sentencing scheme, which allows the trial court to impose a sentence that may confine the child beyond his nineteenth birthday. *See* TEX. FAM. CODE ANN. §§ 53.035, 53.045(d), 54.04(d)(3). Without grand jury approval, however, the trial court lacks the ability to impose a determinate sentence. *Compare id.* § 54.04(d), *with id.* § 54.04(d)(3); *see Ex parte Brown*, 591 S.W.3d 705, 708 (Tex. App.—Fort Worth 2019, pet. dism'd) ("[I]f the State does not get grand-jury approval for a determinate sentence, the maximum disposition that a juvenile can receive in the juvenile court extends only to his 19th birthday."); *In re S.J.*, 977 S.W.2d at 149 ("If the State fails to obtain and file the requisite grand jury certification, the trial court is without jurisdiction to impose a determinate sentence."); *In re J.G.*, 905 S.W.2d 676, 679 (Tex. App.—Texarkana 1995, writ denied) ("To invoke the determinate sentence system, the prosecutor must obtain

5

grand jury approval of a juvenile court petition charging one of the covered offenses."); *In re S.D.W.*, 811 S.W.2d 739, 744 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("A determinate sentence cannot be imposed if the petition is not approved by a grand jury."); *see also In re L.G.*, No. 2-07-418-CV, 2008 WL 4053024, at *3 (Tex. App.—Fort Worth Aug. 28, 2008, no pet.) (mem. op.) (per curiam) ("A trial court lacks the authority to impose a determinate sentence unless the State presents its petition to the grand jury, and the grand jury approves it.").

## B.    Waiver & Harm

It is undisputed that the State did not obtain grand jury approval of its petition in this case. However, the State argues that Jesse waived this right by pleading true and requesting a determinate sentence of "15 to 20 years." We conclude that he did not.

It would be "unwise and problematic to apply one preservation rule in adult, criminal proceedings and another, stricter rule in juvenile cases." *In re C.O.S.*, 988 S.W.2d 760, 767 (Tex. 1999). For adults, the right to an indictment is waivable, not forfeitable. *Woodard*, 322 S.W.3d at 657. The terms "forfeit" and "waive" "have different meanings in the context of discussing preservation-of-error requirements." *Ex parte Beck*, 541 S.W.3d 846, 850 n.6 (Tex. Crim. App. 2017); *see Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (discussing *Marin* and forfeitable versus waivable rights). "Whereas rights that are subject to forfeiture may be lost by inaction alone, rights that are subject to waiver cannot be lost by mere inaction and instead must be expressly waived by a defendant." *Ex parte Beck*, 541 S.W.3d at 850 n.6; *see Mendez*, 138 S.W.3d at 340. Thus, the right to grand jury indictment, which is a "waivable right," *Woodard*, 322 S.W.3d at

657, rather than a forfeitable one, cannot be lost by mere inaction alone. *Ex parte Beck*, 541 S.W.3d 850 n.6; *Marin*, 851 S.W.2d at 279. We see no reason to treat the right differently in juvenile proceedings. *See In re C.O.S.*, 988 S.W.2d at 767. Accordingly, we hold that, as the right to indictment is waivable-only for adults, *Woodard*, 322 S.W.3d at 657, so, too, is the right to grand jury approval for juveniles waivable-only. *See id.*; *In re C.O.S.*, 988 S.W.2d at 767 (holding that "rights or requirements embodied in a statute that direct a trial court in a specific manner" are waivable-only rights).

In the adult context, "[a] person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony." TEX. CODE CRIM. PROC. ANN. art. 1.141. However, the waiver of certain rights in juvenile proceedings is valid only if:

(1)     the waiver is made by the child and the attorney for the child;

(2)     the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

(3)     the waiver is voluntary; and

(4)     the waiver is made in writing or in court proceedings that are recorded.

TEX. FAM. CODE ANN. § 51.09.

The State does not address whether Jesse waived this right under § 51.09. Instead, it argues that we should find waiver, as the purpose of grand jury approval has been satisfied here; Jesse pleaded true, thus establishing the probable cause the grand jury would have been tasked with finding, and his attorney requested a determinate sentence of "15 to 20 years," demonstrating an awareness that he was subject to the

7

determinate sentencing scheme. But waivable rights "do not vanish so easily." *Marin*, 851 S.W.2d at 280. "Although a litigant might give them up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Id.*

Neither Jesse's plea of true nor his attorney's request for a determinate sentence establish that Jesse was ever informed that grand jury approval was required to invoke the determinate sentencing scheme. *See id.* at 279 (explaining that an express waiver requires "the 'intentional relinquishment or abandonment of a known right or privilege'" (citing *Janecka v. State*, 739 S.W.2d 813, 829 (Tex. Crim. App. 1987))); TEX. FAM. CODE ANN. § 51.09. At best, this conduct demonstrates an implied waiver of the right, as it is conduct inconsistent with an intent to assert the right. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) ("Waiver—the 'intentional relinquishment of a known right'—can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right."). However, again, "[t]he right to a grand jury indictment under state law is a waivable right, which 'must be implemented unless *expressly* waived.'" *Woodard*, 322 S.W.3d at 657 (quoting *Marin*, 851 S.W.2d at 279) (emphasis added).

The State cites three cases to support its contention that the right to grand jury approval is a waivable one—a contention with which we have no quarrel. *See In re A.R.A.*, 898 S.W.2d 14, 16 (Tex. App.—Austin 1995, no writ) (per curiam); *see also In re L.R.*, No. 04-12-00350-CV, 2013 WL 3422030, at *1 (Tex. App.—San Antonio July 3, 2013, no pet.) (mem. op.); *In re L.G.*, 2008 WL 4053024, at *3. The facts of these cases all further

8

illustrate why a finding of waiver in this case is inappropriate.

In *A.R.A.*, the State "contend[ed] that A.R.A. and his attorney waived [grand jury] presentation in the recorded disposition hearing; A.R.A. did not contradict the State's assertions." 898 S.W.2d at 16. The Austin Court of Appeals reasoned that "[a]bsent a complete record, [it] must presume that the evidence before the trial judge adequately supported the decision." *Id.* It thus concluded that because A.R.A. had "not provided a record sufficient to show . . . that the necessary waiver did not occur during the recorded disposition hearing," it "must presume that the waiver occurred." *Id.*

The State argued in its brief that the record in this case was incomplete, as the transcript from the adjudication hearing was omitted from the appellate record. However, the record was subsequently supplemented to include the transcript from that hearing. And the transcript from that hearing does not reflect any discussion, much less a waiver, of Jesse's right to grand jury approval.[4]

Although the court in *L.R.* did state that "[a] juvenile can waive the requirement of presentment to the grand jury," it also explained that, among other things, "the juvenile and his attorney must be 'informed of and understand the right and the possible consequences of waiving it'" to effectuate a valid waiver. 2013 WL 3422030, at *1 (citing TEX. FAM. CODE ANN. § 51.09). "Because the prosecutor did not obtain and file a grand jury's certification of the petition alleging that L.R. engaged in delinquent conduct," and because the record did not show that the requirements of Texas Family Code § 51.09

---

[4] The court reporter has also filed a letter indicating that the other hearings held below did not occur on the record. *See* TEX. FAM. CODE ANN. § 51.09(a)(4) (providing that a child may waive a right guaranteed to him if "the waiver is made in writing or in court proceedings *that are recorded*" (emphasis added)).

were met, the San Antonio Court of Appeals ultimately reversed the juvenile court's disposition and commitment orders. *Id.*

In *L.G.*, the child, "his attorney, and one of his parents" signed a waiver "acknowledg[ing] that he was 'informed of and understood his right to have th[e] matter presented to the Grand Jury,' and that he 'waived the right to have the Grand Jury approve the Petition.'" 2008 WL 4053024, at \*4 (cleaned up). At the adjudication hearing, the trial court also "explained the right of grand jury approval and the consequences of waiving that right." *Id.* These may be practices that the State and trial court wish to implement going forward, but they are not what happened in this case. Nowhere in the record is there any indication that Jesse was informed of or waived his right to grand jury approval of the State's petition. *See* TEX. FAM. CODE ANN. § 51.09; *Marin*, 851 S.W.2d at 279; *State v. Villaloboz*, 658 S.W.3d 320, 327 (Tex. App.—El Paso 2022, pet. ref'd). Because of this, we conclude that the trial court erred by imposing a determinate sentence of thirty years. *See* TEX. CONST. art. V, § 12; TEX. FAM. CODE ANN. § 53.045; *In re C.O.S.*, 988 S.W.2d at 767; *Woodard*, 322 S.W.3d at 657; *Ex parte Brown*, 591 S.W.3d at 708; *cf. Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding) (holding a contempt order void where the trial court failed to admonish the contemnor of her right to counsel in accordance with the requirements of the family code).

Although the State does not address it, out of an abundance of caution, we will discuss *Ex parte Long*. 910 S.W.2d at 487. In that case, the court of criminal appeals denied habeas relief despite the lack of an express waiver of the right to indictment in the record. *Id.* First, and foremost, the applicant in *Ex parte Long* was before the court of

criminal appeals on a writ of habeas corpus, the scope of which is narrower than that of a direct appeal. *See id.* ("The writ of habeas corpus provides limited review of claimed jurisdictional defects or claims of denials of fundamental or constitutional rights."). Second, there was no question in *Ex parte Long* that "the trial court found that . . . applicant agreed to a plea bargain of which a waiver of indictment was an integral part." *Id.* at 486. Third, the *Ex parte Long* Court held that the absence of an express waiver of the right to indictment on the record is not "error subject to collateral attack absent objection at trial or a showing of harm." *Id.* However, it did not discuss the availability of an attack on direct appeal, *id.*; although, the concurrence did imply that such an avenue was available. *See id.* at 487 (Meyers, J., concurring) ("Certainly it is an error to proceed with a felony trial on the basis of an information if the defendant has not waived his right to be indicted by a grand jury. Moreover, this right is clearly of such importance that it must be expressly waived and cannot be lost by default."); *see also Jefferson v. State*, 663 S.W.3d 758, 766 (Tex. Crim. App. 2022) (Yeary, J., concurring) ("[A]bsent a waiver of the right to grand jury screening that is spread upon the record, Appellant should be able to complain—even for the first time on appeal—that the addition of new offenses to his indictment violated his right to a grand jury screening of the charges against him. . . . Had Appellant actually re-raised this . . . issue on discretionary review, this might very well have been the case in which to address it."). Accordingly, we conclude that *Ex parte Long* does not warrant a different result in this case.

Lastly, the State argues that Jesse was not harmed by the trial court's error.[5] This

---

[5] We note that in similar cases where our sister courts have found error of this magnitude, they

11

contention is difficult to square with what should have happened below due to the State's failure to obtain grand jury approval. Because the grand jury did not approve the State's petition, the maximum sentence the trial court could enter would have resulted in Jesse's release on his nineteenth birthday. *See* TEX. FAM. CODE ANN. § 54.04(d)(2); TEX. HUM. RES. CODE ANN. § 245.151(d). Instead, the sentence the trial court entered could delay Jesse's release until he is in his forties. We conclude that this alone is sufficient to show that he was harmed.

Accordingly, we sustain Jesse's sole issue on appeal.[6]

### III.    CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion. *See* TEX. FAM. CODE ANN. § 56.01(i); *see also In re L.R.*, 2013 WL 3422030, at *1.

GINA M. BENAVIDES<br>
Justice

Delivered and filed on the
27th day of June, 2024.

---

ordinarily have not analyzed the record for harm. *See, e.g.*, *Ex parte Brown*, 591 S.W.3d 705, 712 (Tex. App.—Fort Worth 2019, pet. dism'd); *In re A.G.G.*, 860 S.W.2d 160, 162 (Tex. App.—Dallas 1993, no writ); *In re S.D.W.*, 811 S.W.2d 739, 744 (Tex. App.—Houston [1st Dist.] 1991, no writ); *see also In re L.R.*, No. 04-12-00350-CV, 2013 WL 3422030, at *1 (Tex. App.—San Antonio July 3, 2013, no pet.) (mem. op.). We assume without deciding that Jesse was required to show harm.

[6] The parties do not address the issue, but we conclude that the State's "Original Petition for Discretionary Transfer to Adult Criminal Court" met the constitutional requirements of an information, sufficient to vest the trial court with jurisdiction. *See* TEX. CONST. art. V, § 12(b) (defining an "information" as "a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense").