

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00350-CV

**IN THE MATTER OF L.R.**

From the County Court, Val Verde County, Texas
Trial Court No. J-11-67
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  July 3, 2013

REVERSED AND REMANDED

L.R. appeals the juvenile court's disposition and commitment orders sentencing him to a determinate sentence of twelve months.  L.R. contends that the juvenile court lacked jurisdiction to impose a determinate sentence because the petition alleging that he engaged in delinquent conduct was not referred by the prosecuting attorney to a grand jury for certification.  The State concedes error in its brief.  We reverse the juvenile court's orders and remand the cause for further proceedings.[1]

---

[1] We note that the disposition of the underlying cause was transferred from the Bastrop County Juvenile Court to the Val Verde County Juvenile Court.  Although L.R. contends in his brief that the cause must be remanded to the Bastrop County Juvenile Court, the order transferring disposition states that disposition was transferred based on the county in which the juvenile resides pursuant to section 51.07 of the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 51.07 (West 2008).  The record does not reflect the county in which L.R. would currently reside absent the juvenile court's disposition; accordingly, we cannot determine whether the reason for which the transfer was made no longer exists.  Accordingly, we remand the cause to the Val Verde County Juvenile Court with instructions to determine whether the disposition should be re-transferred to the Bastrop County Juvenile Court.

Whether the juvenile court correctly applied the governing law to the undisputed facts established by the documents in the clerk's record is a question of law. *In re S.J.*, 977 S.W.2d 147, 149 (Tex. App.—San Antonio 1998, no pet.). We review questions of law de novo. *Id.*

"A determinate sentence is one in which a juvenile is initially committed to a term in the custody of the Texas Youth Commission with a possible transfer to the Texas Department of Criminal Justice-Institutional Division." *Bleys v. State*, 319 S.W.3d 857, 862 (Tex. App.—San Antonio 2010, no pet.). "If the prosecutor refers the petition to the grand jury, the grand jury approves the petition, and the grand jury's approval is certified to the juvenile court and filed in the juvenile court's record, the juvenile court may impose a determinate sentence." *Id.* (citing *In re S.J.*, 977 S.W.3d at 149; TEX. FAM. CODE ANN. §§ 53.045, 54.04(d)(3) (West Supp. 2012)). "However, if the prosecutor does not obtain and file the grand jury's certification, the juvenile court is without jurisdiction to impose a determinate sentence." *Id.*; *see also In re S.J.*, 997 S.W.2d at 149; *In re S.D.W.*, 811 S.W.2d 739, 744 (Tex. App.—Houston [1st Dist.] 1991, no writ). In this case, the record does not establish that any of these pre-requisites were met.

A juvenile can waive the requirement of presentment to the grand jury. *In re A.R.A.*, 898 S.W.2d 14, 15–16 (Tex. App.—Austin 1995, no writ) (per curiam). In order for a juvenile to waive a right, however, certain requirements must be met, including the requirement that the juvenile and his attorney must be "informed of and understand the right and the possible consequences of waiving it." TEX. FAM. CODE ANN. § 51.09 (West 2008). In this case, the record does not establish that L.R. waived his right to grand jury certification of his petition.

Because the prosecutor did not obtain and file a grand jury's certification of the petition alleging that L.R. engaged in delinquent conduct, we reverse the juvenile court's disposition and commitment orders and remand the cause to the juvenile court for further proceedings.

Patricia O. Alvarez, Justice